SARAH D. GREENE, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent, Impleaded with FRIEDA SOLINS, Also Known as FRIEDA CROUTCH, and SARAH GREENBAUM, Defendants. (Action No. 4.) — Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ.

LEOPOLD A. HALPERIN, Respondent, v. NASSAU ELECTRIC RAILROAD COMPANY and HARRY T. LAWSON, Appellants, and Others, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

URIAH HARRIS and U. AND H. REALTY CORPORATION, Respondents, v. NEW YORK TITLE AND MORTGAGE COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

In the Matter of the Application of ANTON ALBERT and Others, Respondents, for a Mandamus Order against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.*— Peremptory mandamus order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

In the Matter of the Application of LOUIS BERGMAN, Respondent, for a Mandamus Order against ABRAHAM KAPLAN, as President, and JOHN J. KELLER and FERDINAND Q. MORTON, as Members of the Municipal Civil Service Commission, Appellants.— Peremptory mandamus order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ.

In the Matter of the Application of EDWARD BIRMINGHAM, Appellant, for a Mandamus Order against ALANSON ABRAMS, Mayor of the Incorporated Village of East Rockaway, and GEORGE STOLWORTHY and Others, Board of Trustees of the Incorporated Village of East Rockaway, Respondents.— Order denying motion for a peremptory mandamus order reversed on the law, with costs, and motion granted as a matter of law and not in the exercise of discretion. Under section 78 of the Code of Criminal Procedure the board of trustees of the village of East Rockaway was without power to reduce the salary of the appellant during his present term of office. Chapter 853 of the Laws of 1928 did not, by implication, repeal that section, because section 101 of the General Construction Law provides that " The Consolidated Laws shall not be construed to amend, repeal or otherwise affect any provision of the penal law, code of civil procedure or code of criminal procedure unless expressly so stated." Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

In the Matter of GLOBE BANK AND TRUST COMPANY in Liquidation. In the Matter of the Application of the SUPERINTENDENT OF BANKS, Respondent, for an Order Authorizing the Payment of a Third Dividend of Ten Per Cent to Creditors Whose Claims Have Been Filed and Accepted, and on Accounts Payable as Shown by the Books of Globe Bank and Trust Company in Liquidation, for an Order Approving His Account of Expenses of Liquidation from June 1, 1932, through November 30, 1932, for an Order Approving the Expenses Incurred by Manufacturers Trust Company between September 16, 1931, and October 31, 1932, for an Order Construing the Contract Dated September 16, 1931, between Superintendent of Banks and Manufacturers Trust Company, Appellant, and for such

*Affd., 264 N. Y. 613.

Other Relief as Is More Fully Set Forth in Section 78 of the Banking Law of the State of New York.— Order construing contract between respondent and appellant affirmed, with ten dollars costs and disbursements. No opinion. Young, Kapper, Hagarty, Carswell and Davis, JJ., concur.

In the Matter of the Petition of MARY´ANN WATSON to Prove the Last Will and Testament and Codicil of MARTHA J. MULLIN, Late of the County of Kings, Deceased. MARY ANN WATSON, as Executrix, etc., of MARTHA J. MULLIN, Deceased, Appellant; JAMES T. GARDINER, Respondent.— Decree of the Surrogate's Court of Kings county, in so far as appealed from by the petitioner, unanimously affirmed, with costs to the respondent, payable out of the estate. On the appeal by the contestant from so much of the decree as awards to the proponent costs and disbursements and an allowance, the decree is unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

In the Matter of the Application of HENRY A. CORNELL, Committee of the Estate of ANNA B. or AMY BELL LANNING SMITH, or AMY B. SMITH, or BELL LANNING SMITH, an Incompetent Person, Appellant, for Certain Court Orders, Directions and Authorizations. PHILIP E. SMITH and THE PEOPLE OF THE STATE OF NEW YORK, Respondents.— Order in so far as an appeal therefrom has been taken affirmed, without costs. The question of the duty of the husband to provide for the maintenance of the wife in the State hospital is not here. His liability, if it exists, may be enforced by a proceeding under section 77 of the Mental Hygiene Law. No such procedure has been undertaken. As the matter stands, the wife abandoned her husband and thereby lost her right to support and maintenance. The present disposition of the rights of the parties is temporary in its nature. We think the husband is entitled to occupy the property held by the parties as tenants by the entirety without accounting for the value of use and occupation. (Hiles v. Fisher, 144 N. Y. 306; Joslyn v. Joslyn, 9 Hun, 388.) Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.

JENNIE KASHDON, Appellant, v. METRO ELECTRIC & RADIO SHOP, INC., Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

RAYMOND KING, an Infant under the Age of Fourteen Years, by SARAH KING, His Guardian ad Litem, Respondent, v. HORACE E. BARKER, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

J. VINCENT LABATE and Others, Respondents, v. ROSCOE C. HARPER and Others, Defendants, Impleaded with CHARLES H. FINGERHOOD, Appellant.— Order appealed from reversed on the law, with ten dollars costs and disbursements, and appellant's motion granted to the extent only of striking out the second and third causes of action, without costs, with leave to answer within ten days from the entry of the order herein. The wrongs alleged in these causes of action are against the corporation and are the subjects of a derivative action by a stockholder, bondholder or creditor. (Van Weel v. Winston, 115 U. S. 228; Niles v. N. Y. C. & H. R. R. R. Co., 176 N. Y. 119; Brock v. Poor, 216 id. 387; Hammer v. Werner, 239 App. Div. 38.) Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.